[No. 32842. Department One. January 6, 1955.]

VIRGINIA J. KALLOS, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 278 P. (2d) 393.

*F. W. Loomis,* for appellant.

*The Attorney General* and *Edwin R. Roberts, Assistant,* for respondent.

MALLERY, J.—This is an appeal by the widow of a deceased workman from a judgment denying her a widow's pension under the industrial insurance act.

The facts contended for by appellant are that the deceased, William N. Kallos, worked in a copper mine in Nevada for one month during the summer of 1920. He then and there contracted silicosis, an occupational disease. However, it was not disabling and was unknown to him. He came to Grays Harbor county, Washington, in 1921 and worked at hard labor for approximately twenty-five years in the sawmills of that community. In his last employment, operating a "slasher" machine in a lumber sawmill, he was subjected to considerable smoke and dust.

Beginning in November, 1944, and continuing until June, 1946, he experienced an increasing difficulty in breathing, which was accompanied by chest pains and shortness of breath. This is alleged to have been caused by the smoke and dust. These symptoms became disabling on the latter date, when he was compelled to cease his employment.

He filed a claim for industrial insurance compensation. It was denied by the supervisor of industrial insurance upon the ground that his disability was the result of silicosis contracted twenty-five years previously in Nevada. He appealed to the board of industrial insurance appeals, which held several hearings, but he died before the case was determined.

On May 10, 1950, his widow filed with the department a claim for a widow's pension, alleging the same occupational disease which he had been asserting at the time of his death.

It was denied by the supervisor, and his action was affirmed upon appeal to the board of industrial insurance appeals. She thereupon appealed to the superior court. The first trial resulted in a hung jury, and the second trial in a verdict for the department, from which judgment she appeals.

We are granting her a new trial. Only two questions presented by the appeal seem likely to arise again.

The first concerns the testimony given by the deceased husband, in his lifetime, at the hearings before the board of industrial insurance appeals on his claim of occupational disease.

Respondent contends that there is no privity between those proceedings, in which the deceased was the only party, and the instant action for a widow's pension, hence, his testimony is incompetent. It relies upon *Finn v. Drtina*, 30 Wn. (2d) 814, 194 P. (2d) 347, 2 A. L. R. (2d) 919.

We think the rule in the *Finn* case is not applicable in the instant situation. In that case, the parties changed between the first and second trials by reason of one party dropping out of the case. In the instant case, we are not confronted with a change of parties, but with a substitution, analogous to the substitution of an administratrix for a deceased person in a pending action. In the hearings before the board of industrial insurance appeals, at which the deceased husband testified, the issue of fact is the same as the issue now before the court, namely, did the workman have a disability in the nature of an occupational disease caused by his extrahazardous employment in the mill of the Donovan Lumber Company? His widow, who could not have been a party in the first hearings, stands now in the deceased's shoes by substitution, not by addition. This is not such a change of parties as to bring the testimony of the deceased within the purview of the *Finn* case, and we hold that it is competent evidence in the instant proceeding.

The other question is whether, assuming the facts for which appellant contends, the deceased had a compensable disability under the industrial insurance act.

It is the position of respondent "that a claimant, in order to show entitlement under the occupational disease statute, must produce testimony that his disease had its inception in his [current or last] extrahazardous employment, and that a mere showing of aggravation of a pre-existing disease due to the conditions of employment is not sufficient."

We do not agree. The definition of injury as used in the workmen's compensation act is found in RCW 51.08.100 [*cf.* Rem. Supp. 1941, § 7679-1], which reads:

"'Injury' means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without; *an occupational disease; and such physical condition as results from either.*" (Italics ours.)

In the instant case, the injury is "such physical condition as results from" a previous nondisabling occupational disease. The proof of the cause of its change from a non-disabling status to a disabling status must satisfy the requirements laid down in *Simpson Logging Co. v. Department of Labor & Industries*, 32 Wn. (2d) 472, 202 P. (2d) 448. The rule of that case may be thus paraphrased to fit the instant case. The condition of the extrahazardous employment must be the proximate cause of the change in the status of the occupational disease for which claim for compensation is made, and the cause must be proximate in the sense that there existed no intervening independent and sufficient cause for the change, so that the change would not have occurred but for the condition existing in the extrahazardous employment.

We said in *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764:

"It is a fundamental principle which most, if not all, courts accept, that, if the accident or injury complained of is the proximate cause of the disability for which compensation is sought, the previous physical condition of the workman is immaterial and recovery may be had for the full disability independent of any preexisting or congenital weakness; the theory upon which that principle is founded is that the workman's prior physical condition is not deemed the

cause of the injury, but merely a condition upon which the real cause operated."

The benefits of workmen's compensation are not limited to those who are in perfect health at the time they receive their injuries. See *Frandila v. Department of Labor & Industries*, 137 Wash. 530, 243 Pac. 5. Nor does it matter that the injury might not have produced the same effect in the case of a man in normal health. See *Daugherty v. Department of Labor & Industries*, 188 Wash. 626, 63 P. (2d) 434.

The instructions of the trial court were not in accord with these principles of law and, hence, were in error in that regard.

The judgment is reversed, and a new trial granted.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

---

May 3, 1955. Petition for rehearing denied.