[No. 33398. Department One. March 8, 1956.]

GUST ERICKSON, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Haydn H. Hilling, Assistant,* for appellant.

*Durham & Guimont,* for respondent.

[1]Reported in 294 P. (2d) 644.

OTT, J.—April 16, 1942, while the respondent, Gust Erickson, was engaged in extrahazardous employment under the workmen's compensation act, he was struck behind the right ear by a falling limb. The blow injured his neck and affected his hearing. He filed a claim, which was allowed for medical treatment and time loss.

Later, an application to reopen for aggravation was rejected by the supervisor. The respondent appealed to the joint board, which ordered the department to pay him fifty per cent of maximum for complete loss of hearing in both ears, and twenty-five per cent of the maximum allowed for unspecified disability, on account of the neck injury.

May 16, 1949, respondent again made application to reopen his claim for aggravation. July 14, 1949, the supervisor allowed a permanent partial disability award equal to 81.1 per cent of the maximum allowed for complete loss of hearing in both ears. August 3, 1949, the respondent appealed to the board from the order of the supervisor, alleging that he was permanently totally disabled as a result of the April 16, 1942, injury, and that he was entitled to a pension. August 4, 1954, the board sustained the July 14, 1949, order of the supervisor. August 16, 1954, the respondent appealed from the board's order to the superior court.

The record indicates that, on January 4, 1944, respondent sustained an injury to both legs; that he was awarded thirty-five per cent of maximum for amputation of the right leg at or above the knee, and ten per cent of maximum for amputation of the left leg at or above the knee; that, February 16, 1949, the respondent made application to reopen the leg injury claim; that the application was rejected, and that an appeal to the board was pending, the determination of which is not disclosed in the record before us.

The claims arising from the 1942 ear and the 1944 leg injuries were not consolidated. The record before us contains none of the proceedings with reference to the claim for the 1944 leg injury. The only appeal perfected was from the order of the board sustaining the supervisor's order concerning the 1942 auditory injury.

The trial court granted a pension upon the ground that a

consideration of the combined injuries warranted a finding of permanent total disability. The department has appealed, contending (1) that the evidence was insufficient to sustain the judgment, and (2) that the trial court erred in concluding that the order of the board, dated August 4, 1954, should be reversed.

■ We find merit in both of these contentions. RCW 51.32.080 provides that the complete loss of hearing in both ears is a permanent *partial* disability. The statute provides pensions for permanent *total* disability only. See RCW 51-.32.060 (5).

■ A workman with a permanent *partial* disability, who suffers a further injury, may be permanently totally disabled as a result of the further injury, coupled with the prior disability. RCW 51.32.060 (5). The workman's prior injury is not the cause of the total disability, but merely a condition with which the subsequent injury combined to cause the permanent total disability. See *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764 (1939); *Kallos v. Department of Labor & Industries,* 46 Wn. (2d) 26, 278 P. (2d) 393 (1955).

■ A finding of permanent total disability, resulting from a further accident, must be based upon the subsequent injury. In the case at bar, we are not presented with an appeal from a determination of a claim arising from such subsequent and causal injury. This is an appeal from an order awarding compensation for loss of hearing. Under the statute, loss of hearing alone does not constitute a permanent total disability. Hence, the appellant's motion to dismiss for insufficiency of evidence must be sustained, and the trial court's conclusion that a pension should be awarded is not supported by the evidence.

The judgment of the trial court is reversed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

April 5, 1956. Petition for rehearing denied.