[No. 452-1.    Division Three.    September 27, 1971.]

PACIFIC CAR AND FOUNDRY COMPANY, *Appellant,* v. WALTER COBY *et al., Respondents.*

*Helsell, Paul, Fetterman, Todd & Hokanson* and *John E. Ederer,* for appellant.

*Slade Gorton, Attorney General, Tracy B. Madole, Assistant,* and *Walthew, Warner & Keefe,* for respondents.

MUNSON, C.J.—Pacific Car and Foundry Company appeals from a superior court's affirmation of a Department of Labor and Industries pension award to Walter Coby for an industrial injury to his right arm.

The primary issue presented is whether the trial court erred in failing to find as a matter of law that Coby's injury entitled him to only a permanent partial disability award under RCW 51.08.150 and not one for permanent total disability under RCW 51.08.160. We answer in the negative.

■ The injury definitionally fell within the abstract-functional purview of RCW 51.08.150 in that, under the medical testimony, Coby was entitled to 30 to 50 per cent of the compensable amputation value of the right arm immediately below the shoulder. The injury's debilitating nature, coupled with claimant's age, extent of education

and occupational retraining prognosis, clearly established that Coby was incapable of future gainful employment and, as properly found by the department and the trial court, brought the injury within that portion of RCW 51.08.160 which states:

> "Permanent total disability" means . . . other condition permanently incapacitating the workman from performing any work at any gainful occupation.

*Kuhnle v. Department of Labor & Indus.*, 12 Wn.2d 191, 120 P.2d 1003 (1942).[1]

The trial court's findings of fact, challenged by Pacific Car and Foundry Company, drawn from contradicting evidence are supported by the record.

Judgment affirmed.

GREEN and EVANS, JJ., concur.

---

[1] The cases relied upon by appellant in support of an affirmative answer are readily distinguishable:

(a) The out-of-state cases involve jurisdictions which base computation of the permanent partial disability award upon prior wages of the disabled individual. *Cf.* 11 Schneider's Workmen's Compensation, §§ 2254 and 2277 (1957). In Washington the award is based solely on loss of bodily function. *Page v. Department of Labor & Indus.*, 52 Wn.2d 706, 328 P.2d 663 (1958); *Cayce v. Department of Labor & Indus.*, 2 Wn. App. 315, 467 P.2d 879 (1970).

(b) *Erickson v. Department of Labor & Indus.*, 48 Wn.2d 458, 294 P.2d 644 (1956) merely sets forth the rule under which a claimant must show permanent total disability when he has suffered two industrial injuries.

(c) *Sinnes v. Daggett*, 80 Wash. 673, 142 P. 5 (1914) involved only the sufficiency of a complaint to show a reviewable error of law was committed by the commissioners in making a permanent partial disability award. The trial court, under former requisites of pleading, found against the plaintiff on that issue and the Supreme Court affirmed. The comments contained therein concerning permanent partial and permanent total disability were clearly dicta and are not controlling.