[No. 36896. Department One. April 2, 1964.]

MERVIN A. MINISH et al., *Respondents,* v. WELLA HANSON et al., *Defendants,* WALTER W. GISCHER et al., *Appellants.**

*Joseph T. Pemberton,* for appellants.

*Wright, Booth, Beresford & Anderson,* for respondents.

*Reported in 390 P. (2d) 704.

ROSELLINI, J.—This action was brought to restrain the auditor of Whatcom County and the commissioners of Whatcom County Water District No. 5, a municipal corporation, from submitting to the electors of that district a proposition that the district be dissolved. It was the contention of the plaintiffs that such a dissolution would result in the impairment of the obligation which the water district had incurred under a contract with the plaintiffs, in contravention of Art. 1, § 23, of the state constitution. The trial court granted the plaintiffs' motion for summary judgment and permanently enjoined the holding of an election to determine whether the district should be dissolved.

The district in question was formed by vote of the people in September 1960, and after one defeat at the polls a comprehensive plan for the system was adopted. However, the voters refused to authorize any levy of a general tax to finance the system.

RCW 57.04.050 provides that, at the same time the proposition for formation of a district is submitted to the voters, a proposition shall also be submitted, for the approval or rejection of voters, authorizing the water district, if formed, to levy at the earliest time permitted by law on all property located in the district a general tax for 1 year, in excess of the forty mill limitation provided by law, of not to exceed five mills, for general preliminary expenses of the district. There is no other provision for the levying of a tax to finance the system. As we stated above, the voters of Whatcom County Water District No. 5 refused to authorize the levying of a tax.

Nevertheless, the commissioners sought and obtained a federal loan to finance the planning of the system and entered into a contract with the plaintiffs, whereby the latter were employed as engineers for the district. The proceeds of the loan were paid to them, but after such payment, there remained due and owing for their services a balance of $10,580.

On November 14, 1961, not less than 25 per cent of the registered voters of the district filed a petition, seeking an

election for the dissolution of the water district, as authorized by RCW 57.04.100.

The plaintiffs were sustained by the trial court in their contention that the dissolution of the district would impair the obligation of their contract. The defendants maintain that the court erred in so ruling.

The Supreme Court of the United States has stated that the obligation of a contract is defined as the law or duty which binds the parties to perform their agreement. *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U. S. 398, 78 L. Ed. 413, 54 S. Ct. 231, 88 A.L.R. 1481.

■ The plaintiffs recognize the well-settled rule that the obligation of a contract cannot properly be said to be impaired by a statute in force when the contract was made, for in such cases it is presumed that it was made in contemplation of the existing law. Numerous cases so holding are cited in 12 Am. Jur., Constitutional Law § 387, pp. 15, 16. The statute permitting the dissolution of water districts was enacted in 1929. But the plaintiffs seek to avoid the operation of this rule by urging that it is not the statute which is unconstitutional, but the act of the voters in approving the dissolution, which is a legislative act.

It may be conceded that the plaintiffs are correct in terming the dissolution of a corporation, whether by the legislature or by the people, a legislative act. See *State ex rel. Linn v. Superior Court*, 20 Wn. (2d) 138, 146 P. (2d) 543. The plaintiffs do not suggest that the legislature lacked the authority to delegate this legislative power to the voters, nor is there any contention that the petition for submission of the question of dissolution was defective in any manner.

■ If we accept the plaintiffs theory that a dissolution of the water district would be a legislative act, it becomes necessary to hold this suit premature and to reverse the judgment, for it is the rule in this state that the courts will not enjoin proposed legislative action. *State ex rel. Gunning v. Odell*, 58 Wn. (2d) 275, 362 P. (2d) 254; *Vincent v. Seattle*, 115 Wash. 475, 197 Pac. 618. If we reject the theory for the purposes of the present litigation, the plaintiffs are

immediately confronted with the doctrine that laws existing at the time contracts are formed do not impair their obligation. In either case, we do not reach the question of whether or not the threatened dissolution would constitute an impairment of the plaintiffs' rights under their contract, and we express no opinion thereon.

The plaintiffs suggest three other theories in support of the judgment. We have given these theories our serious consideration and find that the trial court properly rejected them.

The judgment is reversed and the injunction dissolved.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.