[No. 37095.    En Banc.    December 24, 1964.]

WATER DISTRICT No. 111 *et al., Appellants,* v. FRED T. MOORE *et al., Respondents,* TED STREDICKE *et al., Appellants.**

*Reported in 397 P. (2d) 845.

*Wright, Booth, Beresford & Anderson* and *Emerson B. Thatcher,* for appellants.

*Marvin E. Beckman* and *Cartano, Botzer & Chapman,* for respondents.

*The Attorney General, Morton M. Tytler* and *Charles B. Roe, Jr., Assistants* (appearing under authority of RCW 7.24.110).

PER CURIAM.— As in *Minish v. Hanson* (1964), 64 Wn. (2d) 113, 390 P. (2d) 704, the issue sought to be raised is whether the dissolution procedures for water districts, as authorized by RCW 57.04.100, impair the obligations of the contracts made by the water district being dissolved. There has been a petition for the dissolution of the plaintiff-appellant water district filed, but no vote on that issue. The vote may be against dissolution, in which event there would be nothing before the court.

The action is premature. The judgment of the superior court appealed from must be set aside, and an order of dismissal entered. As in *Minish,* we do not reach the question of whether the dissolution procedures would constitute an impairment of contract rights and we express no opinion thereon.

While appellants prevail, in that the judgment appealed from is set aside, they are responsible for the bringing of the premature action and will not be permitted to recover costs on this appeal.