GLENN W. CAYCE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Appellants*.

*Slade Gorton, Attorney General*, and *Joe Gordon, Jr., Assistant*, for appellant Department of Labor and Industries.

*Ingram, Zelasko & Goodwin* and *Richard E. Goodwin*, for appellant Aloha Lumber Company.

*James J. Solan*, for respondent.

FARRIS, J.—Respondent, Glenn W. Cayce, a claimant under the Industrial Insurance Act, RCW 51.32, injured his back on January 2, 1964, while employed by Aloha Lumber Company of Aberdeen, Washington. His claim was closed on December 8, 1965, with a permanent partial disability award of 20 per cent of the maximum allowable for unspecified disabilities. He appealed to the Board of Industrial Insurance Appeals where hearings were followed by the issuance of a proposed decision and order which raised his disability award to 40 per cent of the maximum allowable for unspecified disabilities. Exceptions to this preliminary order were filed by Mr. Cayce and the department. On

October 8, 1967, the board issued an order reversing the department and adopting the findings and conclusions of the proposed decision and order.

Mr. Cayce then appealed to Grays Harbor County Superior Court on or about October 30, 1967. The trial court, sitting without a jury, entered its findings of fact and conclusions of law and judgment on June 10, 1968, which reversed the board order and directed the department to award Mr. Cayce 100 per cent of the maximum allowable for unspecified disabilities for the effects of his 1964 industrial injury. From this judgment the department and the employer appeal.

All parties agree that there is adequate medical testimony in the record to support the trial court's award. The question is whether the trial court used a correct standard in reaching its decision.

Appellants argue that the trial court erred in reaching and entering that part of finding of fact 4 which provides:

> From the standpoint of the picture of the man as a whole, his age, his employment career, his training, his capabilities, his experience, and from the standpoint that he is probably permanently off the regular labor market in his field of work, the Board's rating is highly unrealistic.

The rule is clear:

> [U]nspecified permanent partial disability involves only the loss of bodily function, and is measured, not by the loss of earning power, but by the relationship between the unspecified disability and the specified disabilities. Accordingly, two claimants with precisely the same injury to the back should be awarded identical percentages of permanent partial disability, although one claimant may have twice as much earning power as the other.

*Franks v. Department of Labor & Indus.*, 35 Wn.2d 763, 774, 215 P.2d 416 (1950).

It is mandatory that the extent of disability, as it exists at any relevant date, be determined by medical testimony, some of it based upon objective standards. *Page v. Department of Labor & Indus.*, 52 Wn.2d 706, 328 P.2d 663 (1958).

Here, the medical testimony would support an award ranging from 40 per cent of the maximum allowable for unspecified disabilities to total permanent disability. The trial court was required to review the record and determine the degree of disability. After rejecting total permanent disability, the trial court could only consider those factors which measure loss of bodily function, in determining the degree of permanent partial disability.

It is error to consider loss of earning power in fixing an award for permanent partial disability. The language which is objected to by the appellant is at best unfortunate and at worst reversible error. The award for a permanent partial disability cannot vary on the basis of the age, employment career, training, experience, or field of work of the injured worker. One is not limited to a 12-inch ruler to measure 1 foot, but if the standard used by the trial court in evaluating competent medical evidence is capable of measuring factors other than loss of bodily function, an explanation of how and why that standard is used must be made a part of the record. The sole use of any standard selected must be to determine disability in terms of physical condition and the record must so reflect.

Finding of fact 4 provides in full as follows:

> That plaintiff is 51 years old, 5′ 6″ tall and weighs 130 pounds. That plaintiff has had no special training but he did attend approximately one year of junior college taking a general course; however, plaintiff has spent most of his adult working life engaged in hard, arduous work or work involving repeated bending, turning or twisting.
>
> From a strictly physical standpoint, the Board's rating of 40% may be correct. From the standpoint of the picture of the man as a whole, his age, his employment career, his training, his capabilities, his experience, and from the standpoint that he is probably permanently off the regular labor market in his field of work, the Board's rating is highly unrealistic.

The appellant urges that we interpret the words "may be" as "is" in the sentence "From a strictly physical standpoint,

the Board's rating of 40% may be correct." This we decline to do.

We therefore remand the matter to the trial court with instructions to fix the award in a manner that is consistent with this opinion.

Costs will abide the final determination.

JAMES, C. J., and SWANSON, J., concur.