[No. 4650–II.   Division Two.   December 18, 1981.]

GERALDINE VLIET, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Don Taylor,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Dinah C. Pomeroy, Assistant,* for respondent.

REED, C.J.—Claimant Geraldine Vliet appeals a judgment entered upon a jury verdict granting her a 15 percent unspecified permanent partial disability award. On appeal claimant maintains that the administrative regulations which were utilized to determine the extent of her disability are invalid. We disagree and affirm the judgment.

On May 9, 1975, claimant sustained an industrial injury to her lower back during the course of her employment with Northwest Motel Management, Inc. An industrial insurance claim was allowed and on August 15, 1977 the Department of Labor and Industries (Department) closed the claim with an unspecified permanent partial disability award equal to 10 percent as compared to total bodily impairment. In determining the extent of claimant's disability, the Department utilized the so–called category system of rating unspecified permanent partial disabilities which is embodied in departmental regulations adopted on October 1, 1974. *See* WAC 296–20–200 *et seq.* Claimant's 10 percent disability award was based on the Department's conclusion that she had suffered a category 3 low–back impairment.

Claimant subsequently appealed to the Board of Industrial Insurance Appeals (Board). In the course of proceedings before a hearing examiner, claimant presented medical testimony that she had a permanent partial disability of 25 to 30 percent as compared to total bodily impairment. The Department's medical witnesses utilized the category system and testified that claimant's condition had been correctly classified as a category 3 low–back impairment. On August 26, 1978, the hearing examiner issued a proposed decision and order which reversed the Department and granted claimant a 25 percent unspecified permanent partial disability award. In making this determination the

hearing examiner concluded that the category system of rating disabilities was invalid.

The Board rejected the hearing examiner's conclusions regarding the invalidity of the category system and reaffirmed the Department's original order. On claimant's appeal to superior court, a jury determined that she had a category 4 low–back impairment which is classified as an unspecified permanent partial disability equal to 15 percent as compared to total bodily impairment. WAC 296–20–680(3). During the course of the trial, the court rejected claimant's proposed instructions which would have allowed the jury to rate her disability in terms of percentage loss of bodily function. Instead the court instructed the jury to determine disability according to the category system of classification.

The primary issue on this appeal concerns the validity of the departmental regulations embodying the category system of rating unspecified permanent partial disabilities.[1] These regulations place medical conditions affecting the lower back into eight categories, in ascending degrees of relative severity, and allocate a specific percentage of disability to each.[2] WAC 296–20–280, –680(3). Under this system of classification, medical witnesses simply evaluate which category of impairment most closely describes an injured worker's physical condition. WAC 296–20–210(1). This represents a significant departure from the prior rating system where unspecified permanent partial disability awards were determined on the basis of medical experts' subjective opinions regarding the exact percentage of disability occasioned by a worker's injury. *See Ellis v. Department of Labor & Indus.*, 88 Wn.2d 844, 567 P.2d 224

---

[1]Unspecified disabilities are injuries which do not involve amputation, blindness or loss of hearing. RCW 51.32.080.

[2]The regulations actually categorize unspecified impairments affecting numerous parts of the body. WAC 296–20–230 to –660. However, the only categories relevant to the case at bar are those relating to the lower back (dorso–lumbar and lumbosacral) which are set forth in WAC 296–20–280.

(1977).

Claimant points out that these regulations, as interpreted by the Department, eliminate all disability ratings for low–back impairment other than the eight which are specifically assigned to the categories. She argues that the removal of percentages of disability from the compensation scheme is detrimental to the interests of injured workers. Therefore, she contends that the entire category system is invalid because it is incompatible with the remedial and beneficial purpose of the industrial insurance act. *See Shea v. Department of Labor & Indus.,* 12 Wn. App. 410, 529 P.2d 1131 (1974).

■ We find this argument to be unfounded. Administrative rules adopted pursuant to a legislative grant of authority are presumed valid and will be upheld on judicial review if reasonably consistent with the enabling legislation. *Green River Community College v. Higher Educ. Personnel Bd.,* 95 Wn.2d 108, 622 P.2d 826 (1980); *Somer v. Woodhouse,* 28 Wn. App. 262, 623 P.2d 1164, *review denied,* 95 Wn.2d 1019 (1981). The party attacking the validity of an administrative regulation has the burden of presenting compelling reasons why the regulation is in conflict with the intent and purpose of the statute being implemented. *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145 (1977).

■ In the instant case the statute being implemented by the challenged regulations was the 1971 amendment to RCW 51.32.080(2), which directed the Department to classify unspecified permanent partial disabilities and determine the proportion they bear to total bodily impairment.[3] The express purpose of this statutory amendment was to reduce litigation and establish more certainty and uniformity in fixing disability awards of this type. *See* RCW

---

[3]RCW 51.32.080(2) provides in pertinent part: "That in order to reduce litigation and establish more certainty and uniformity in the rating of unspecified permanent partial disabilities, the department shall enact rules having the force of law classifying such disabilities in the proportion which the department shall determine such disabilities reasonably bear to total bodily impairment."

51.32.080(2), *supra.* It is implicit in the language of the amended statute that the legislature contemplated the loss of a certain degree of precision in rating workers' impairments in order to attain these administrative goals. We are convinced that the regulations enacted by the Department, which base disability awards on the presence of specific physical findings and eliminate reliance on physicians' subjective opinions, are entirely consistent with these goals and must be upheld.

In an alternative argument claimant contends that even if the category system is valid, it should not be interpreted as eliminating all disability ratings other than those specifically listed for the eight categories of low–back impairment in WAC 296–20–680(3). She argues that each category should be construed as encompassing all the intermediate percentages of disability between its designated rating and the rating allocated to the next highest category. Specifically, claimant maintains that once the jury determined that she had suffered a category 4 low–back impairment, the trial court was free to rate her disability at any percentage between 15 percent (the percentage listed for a category 4 impairment) and 25 percent (the percentage listed for a category 5 impairment).

■ We find no merit to these contentions. In determining the amount of claimant's original award the Department construed the listed percentages as being the exclusive measures of recovery for the various levels of impairment. This interpretation, by the agency which promulgated the regulations initially, is entitled to great weight. *State Liquor Control Bd. v. State Personnel Bd.,* 88 Wn.2d 368, 561 P.2d 195 (1977); *Toulou v. Department of Social & Health Servs.,* 27 Wn. App. 137, 616 P.2d 678 (1980). Moreover, as previously noted, the regulations require medical experts to testify as to the appropriate category of impairment and do not allow testimony regarding an actual percentage of disability. Therefore, the rating of an impairment at some intermediate percentage of disability, not expressly provided for in the categories, would be at

least partially a matter of conjecture. This type of conjecture would clearly be inconsistent with uniformity in the rating of unspecified disabilities. *See* WAC 296–20–200(1).

For the reasons stated, we affirm the judgment.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied December 31, 1981.

Review denied by Supreme Court February 5, 1982.