[No. 51106–3. En Banc. June 6, 1985.]

PATRICIA G. BRANNAN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Critchlow & Williams,* by *Kim A. Williams,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Donna L. Walker, Assistant,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

In this workers' compensation case, the Superior Court dismissed a worker's claim for permanent partial disability because of her failure to present the requisite supporting medical testimony.[1] Acting pursuant to Department of Labor and Industries regulations, which require medical or osteopathic physicians or surgeons to rate permanent partial disabilities, the Superior Court refused claimant's offer to establish a permanent partial disability rating for her condition through the testimony of a doctor of chiropractic. This appeal calls into question the validity of the regulations in question.

The factual background of the case follows.

On April 10, 1978, Patricia G. Brannan, the claimant and appellant herein, sustained a sudden onset of back pain while in the course of her employment as a maid at the Hanford House Hotel in Richland. This occurred as she was turning a mattress.

On that same date, the claimant consulted Gregory Oberg, a doctor of chiropractic, who examined her. Also on that same date, Dr. Oberg began a course of treatment consisting of chiropractic adjustments and manipulation

---

[1]*Page v. Department of Labor & Indus.,* 52 Wn.2d 706, 709, 328 P.2d 663 (1958); *Cayce v. Department of Labor & Indus.,* 2 Wn. App. 315, 316, 467 P.2d 879 (1970).

which continued, with decreasing frequency, for approximately 2 years. The claimant also consulted a medical doctor who prescribed a course of physical therapy at a local hospital. The Department of Labor and Industries paid time loss and treatment costs.

Ultimately, on December 3, 1980, the Department entered an order closing the claim with no permanent partial disability award.

Thereafter, claimant appealed to the Board of Industrial Insurance Appeals. At a hearing before Industrial Appeals Judge Stephanie Farwell, the claimant and Dr. Oberg testified on the claimant's behalf. Dr. Oberg's testimony concerning rating (which came in over the Department's objection that he was not authorized to rate permanent physical impairment) was as follows:

Q. [By Claimant's Counsel:] Are you familiar with the category system employed by the Department of Labor and Industries to rate unspecified disabilities?

A. [By Dr. Oberg:] Fairly.

Q. Do you have an opinion you can express in terms of reasonable medical probability concerning the category that Mrs. Brannan's injuries you have been discussing best fit into as of the closing date in this case, and that is December 3rd, 1980?

[Objection made and overruled.]

A. My opinion would be that she would have a Category 3. There is not significant x–ray evidence to demonstrate nerve involvement or disc involvement, but there is intermittent objective findings present. There are intermittent objective findings present when she comes to see me. She does have intermittent subjective indications when she comes in.

Q. *And you are referring to Category 3 of the lumbosacral impairment?*

A. *If my memory services [sic] me right. I am aware that I am not qualified to rate impairment, but that's just my opinion. It is not something I do on a regular basis.*

(Italics ours.) The category 3 lumbosacral impairment referred to by Dr. Oberg amounts to a 10 percent perma-

nent impairment.[2]

A board certified orthopedic surgeon who had examined the claimant at the Department's request testified for the Department. He rated the claimant's impairment as a category 1 lumbosacral impairment, which is a 0 percent permanent impairment.[3]

Following the hearing, the Industrial Appeals Judge in her Proposed Decision and Order noted that the orthopedic surgeon's "disability evaluation of the claimant is found more persuasive than that of Dr. Oberg as his examination of the claimant was within approximately one month of closing date and in view of his specialized training in orthopedic surgery." On that basis, the Industrial Appeals Judge concluded that the Department's order closing the claim with no permanent partial disability award was correct and should be sustained.

The Board of Industrial Insurance Appeals adopted the Industrial Appeals Judge's Proposed Decision and Order and sustained the Department's order closing the claimant's claim with no permanent partial disability award.

Thus, the Department, Industrial Appeals Judge and Board of Industrial Insurance Appeals all ruled adversely to the claimant on the merits of her permanent partial disability claim.

The claimant then appealed the Board's order to the Superior Court. At trial, the Department renewed its objection to Dr. Oberg, as a doctor of chiropractic, being permitted to rate permanent partial disability under the category rating system established by the rules and regulations of the Department. The trial court "sustained the Department's objection to the allowance of testimony from a chiropractor who was asked to rate the [claimant's] permanent partial disability as of December 3, 1980, for the reason that Title 296 of the Washington Administrative

---

[2]WAC 296–20–280(3); WAC 296–20–680(3).

[3]WAC 296–20–280(3); WAC 296–20–680(3).

Code, §§ 296–20–200 and 296–20–210 were intended to limit such disability ratings to physicians and surgeons; . . ."[4] Since that ruling left the claimant without medical testimony in the record to support her permanent partial disability claim, the trial court dismissed her case.

Claimant then appealed the Superior Court's judgment denying her claim for permanent partial disability to the Court of Appeals; that court, in turn, transferred the appeal to this court. We affirm.

This case presents a single, narrow issue.

## ISSUE

Is the Department of Labor and Industries rule, which restricts rating of permanent partial disability in workers' compensation cases to medical and osteopathic physicians and surgeons, valid?

## DECISION

CONCLUSION. The administrative rule in issue is valid since it was adopted pursuant to a specific legislative delegation of authority and is reasonably consistent with the statute being implemented.

The Department of Labor and Industries has adopted rules which require that "examinations or evaluations of permanent bodily impairment"[5] be made in accordance with certain rules, one of which reads:

> Examinations for the medical determination of the extent of permanent bodily impairment shall be made *only by physicians* currently licensed to practice medicine and surgery.

(Italics ours.) WAC 296–20–210(1)(a). "Physician", in turn, is defined by the rules as a "person licensed to perform one or more of the following professions: Medicine and surgery; or osteopathic." WAC 296–20–01002. Doctors of chiropractic come within the definitions of "doctor" and "practitioner" under the rules, but not within that of "phy-

---

[4]Order of Dismissal and Judgment dated April 18, 1983.

[5]WAC 296–20–210(1) (part).

sician".[6] Thus, the effect of the Department's rules is to restrict the rating of permanent partial disability in workers' compensation cases to medical and osteopathic physicians and surgeons. The Superior Court so ruled, thus presenting this court with the narrow issue of whether or not the regulation set out above (WAC 296–20–210(1)(a)) is valid.

■ Administrative rules enacted pursuant to a specific legislative delegation are presumed valid and will be upheld on judicial review when they are reasonably consistent with the statute being implemented; and in so determining, the reviewing court may not substitute its judgment for that of the agency.[7]

The Legislature by statute directed the Department of Labor and Industries to classify unspecified permanent partial disabilities and determine the proportion they bear to total bodily impairment. The delegating language in the statute reads:

> That in order to reduce litigation and establish more certainty and uniformity in the rating of unspecified permanent partial disabilities, the department shall enact rules having the force of law classifying such disabilities in the proportion which the department shall determine such disabilities reasonably bear to total bodily impairment.

RCW 51.32.080(2) (part).

Pursuant to the foregoing delegation of authority, the Department, by rules and regulations adopted effective October 1, 1974, established a category system for rating unspecified permanent partial disabilities.[8] This system categorizes medical conditions in ascending degrees of relative severity and assigns a specific percentage of disability

---

[6]WAC 296–20–01002.

[7]*Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 314–15, 545 P.2d 5 (1976); *Horan v. Marquardt,* 29 Wn. App. 801, 802–03, 630 P.2d 947 (1981).

[8]WAC 296–20–200 *et seq.*

to each category.[9] Under the prior rating system, awards for unspecified permanent partial disability were determined on the basis of expert medical opinion regarding exact percentages of disability, whereas under the category system of classification medical witnesses evaluate the category of impairment which most closely describes the injured worker's physical condition.[10]

As the Department explained, it promulgated these rules and categories in order

> to provide a comprehensive system of classifying unspecified permanent partial disabilities in the proportion they reasonably bear to total bodily impairment. The department's objectives are to reduce litigation and establish more certainty and uniformity in the rating of unspecified permanent partial disabilities pursuant to RCW 51.32.080(2).

WAC 296–20–200(1) (part).

In *Vliet v. Department of Labor & Indus.*, 30 Wn. App. 709, 638 P.2d 112 (1981), the Court of Appeals held that the Department's rules and regulations establishing categories of physical conditions for industrial injuries and assigning a specific percentage of permanent disability to each were consistent with the Legislature's statutory delegation of authority and, therefore, were valid. The case before us merely presents a more specific aspect of the same issue already resolved in the Department's favor by the Court of Appeals.

Here, the Legislature clearly delegated authority to the Department to do just what it did, namely, adopt rules establishing a comprehensive system for rating unspecified permanent partial disabilities.

The question then becomes whether the rule restricting the rating of permanent partial disability in workers' compensation cases to medical and osteopathic physicians and

---

[9]WAC 296–20–230 to –660. *See Vliet v. Department of Labor & Indus.*, 30 Wn. App. 709, 711, 638 P.2d 112 (1981).

[10]WAC 296–20–210. *See Vliet*, at 711.

surgeons is reasonably consistent with the authority delegated to the Department.[11]

■ The category system of rating establishes categories in numerous areas, all of which are within the scope of the medical and osteopathic professions but many of which are not within the scope of the chiropractic profession.[12] For example, categories of permanent impairments now include: cardiac impairments;[13] air passage impairments;[14] upper digestive tract, stomach, esophagus and pancreas impairments;[15] liver and biliary tract impairments;[16] and upper urinary tract impairments.[17] In addition, both statute and rule require that permanent partial disability be evaluated in proportion to "total bodily impairment",[18] and the Department may not have considered such evaluation as appropriately within the scope of chiropractic expertise.[19]

Under the law, the Department rule being considered is presumed valid and the claimant has the burden of overcoming this presumption.[20] For the foregoing reasons, the claimant has not sustained her burden in this regard.

---

[11]*See Weyerhaeuser,* at 314.

[12]*See State v. Maxfield,* 46 Wn.2d 822, 826, 285 P.2d 887 (1955); *Kelly v. Carroll,* 36 Wn.2d 482, 490–91, 219 P.2d 79, 19 A.L.R.2d 1174, *cert. denied,* 340 U.S. 892, 95 L. Ed. 646, 71 S. Ct. 208 (1950).

[13]WAC 296–20–360.

[14]WAC 296–20–400.

[15]WAC 296–20–500.

[16]WAC 296–20–560.

[17]WAC 296–20–600.

[18]RCW 51.32.080(2); WAC 296–20–200(1).

[19]*See* RCW 18.25.005; *State v. Wilson,* 11 Wn. App. 916, 528 P.2d 279 (1974).

[20]*Weyerhaeuser,* at 314; *Vliet,* at 712.

[T]he court is not free to substitute its judgment as to the desirability or wisdom of the rule, for the legislative body, by its delegation to the agency, has committed those questions to administrative judgment and not to judicial judgment.

*Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 314, 545 P.2d 5 (1976), quoting with approval from 1 K. Davis, *Administrative Law* § 5.05, at 315 (1958). The rule in question, being consistent with the authority delegated to the Department, is valid.

By our holding herein, however, we specifically do not presume to weigh the merits of any one group of health care professionals as compared with any other such group, nor do we question the well settled general principle that a chiropractor is competent to testify as an expert or medical witness on matters within the scope of the profession and practice of chiropractic.[21] Furthermore, any licensed health care practitioner is, of course, eligible to treat injured workers within the scope and field of the practitioner's license.[22]

Affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[21]*Manos v. James,* 7 Wn.2d 695, 710, 110 P.2d 887 (1941), *overruled on other grounds in Poutre v. Sanders,* 19 Wn.2d 561, 143 P.2d 554 (1943). *See* Annot., *Chiropractor's Competency as Expert in Personal Injury Action as to Injured Person's Condition, Medical Requirements, Nature and Extent of Injury, and the Like,* 52 A.L.R.2d 1384, 1385 (1957).

[22]WAC 296–20–015.