[No. 53597–3.   En Banc.   August 6, 1987.]

FEDERATED AMERICAN INSURANCE COMPANY, ET AL, *Appellants,* v. RICHARD G. MARQUARDT, *as Insurance Commissioner, Respondent.*

*Matt Murray* (of *Murray, Dunham & Murray*), for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Donald F. Cofer, Assistant,* for respondent.

CALLOW, J.—At issue is the validity of an automobile insurance regulation adopted by the State Insurance Commissioner. The trial court found the regulation to be validly promulgated and constitutional. We affirm.

On December 27, 1984, the Commissioner adopted WAC 284–30–500(2)(b) by an order filed with the Code Reviser. The regulation provides:

WAC 284–30–500 Unfair practices with respect to vehicle insurance.

. . .

(2) Beginning July 1, 1985, the following practices by

any insurer, with respect to vehicle insurance policies applicable to private passenger vehicles registered or principally garaged in this state, are unfair and prohibited:

. . .

(b) Failing, except with respect to a motorcycle policy, to provide, to any named insured who so requests and pays the premium therefor, first party automobile benefits such as those in medical payments coverage or personal injury protection, on approved forms commonly used by the insurer in the state of Washington, with maximum benefit limits, as appropriate to the particular form, of at least:

(i) $35,000 for medical and hospital benefits incurred within three years of the accident;

(ii) $35,000 for one year's income continuation benefits, subject to a limit of the lesser of $700 per week or eighty-five percent of the weekly income; and

(iii) $40 per day for loss of services benefits, for at least a year.

The Commissioner, in a "Statement of Purpose" filed earlier with the Code Reviser, had described the purpose of the new regulation as follows:

Proposed WAC 284–30–500 pertains to vehicle insurance. . . . Personal injury protection, commonly referred to as PIP, is often included in the private passenger automobile insurance policies written in Washington state. It provides first–party coverage to insureds (including passengers) for medical expenses, loss of wages and loss of services about the home, regardless of fault. Some insurers have not increased the limits available under the coverage in ten years or thereabouts, with the result that some people have considerably less protection than they need or probably believe they have. The proposed rule will require insurers to offer higher limits, as specified in the rule, and thereby more realistically protect the insured with respect to wage loss and medical expenses.

State Register 84–22–054 (1984).

The plaintiffs, Federated American Insurance Company and National Merit Insurance Company (companies), filed a petition for declaratory judgment seeking to have WAC

284-30-500(2)(b) declared invalid. They contended that (1) the Insurance Commissioner lacks the statutory authority to promulgate the regulation, (2) the regulation unconstitutionally impairs the obligations of contracts, and (3) the regulation unconstitutionally deprives the companies of their right to due process. The trial court granted the Commissioner's cross motion for summary judgment, holding the regulation valid and constitutional. The companies appeal.

I

We turn first to the question of whether the Commissioner possesses the statutory authority to enact the challenged regulation. The Commissioner, as to this question, relies primarily on RCW 48.30.010, which provides:

> (1) No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (2) of this section.
> (2) In addition to such unfair methods and unfair or deceptive acts or practices as are expressly defined and prohibited by this code, *the commissioner may from time to time by regulation* promulgated pursuant to chapter 34.04 RCW, *define other methods of competition and other acts and practices in the conduct of such business reasonably found by the commissioner to be unfair or deceptive.*

(Italics ours.)

The Insurance Commissioner has broad powers over the control, supervision and direction of the insurance business. 2A G. Couch, *Insurance* § 21:5, at 240 (2d ed. 1984). The Legislature, by enacting RCW 48.30.010(2), has granted the Commissioner the authority to define various acts or practices as unfair or deceptive. *Horan v. Marquardt,* 29 Wn. App. 801, 803, 630 P.2d 947 (1981). Where the Legislature has specifically delegated to an administrator the power to make regulations, such regulations are presumed valid. The burden of overcoming this presumption lies on the challenger. *Brannan v. Department of*

*Labor & Indus.,* 104 Wn.2d 55, 60, 700 P.2d 1139 (1985); *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 314–15, 545 P.2d 5 (1976). Judicial review is limited to a determination of whether the regulation in question is reasonably consistent with the statute being implemented. *Brannan; Weyerhaeuser.* As emphasized in *Weyerhaeuser,* at 314, quoting from 1 K. Davis, *Administrative Law* § 5.05, at 315 (1958):

> [T]he court is not free to substitute its judgment as to the desirability or wisdom of the [regulation], for the legislative body, by its delegation to the agency, has committed those questions to administrative judgment and not to judicial judgment.

*Accord,* 2A G. Couch § 21:5, at 240–41.

The companies contend that, notwithstanding the Commissioner's broad power to regulate unfair or deceptive practices, the Commissioner here has exceeded his statutory authority by engaging in impermissible "legislation". They cite *Fahn v. Cowlitz Cy.,* 93 Wn.2d 368, 374, 610 P.2d 857, 621 P.2d 1293 (1980), which observed:

> [A]n administrative agency is limited to the powers and authority granted to it by the legislature. The legislature may, however, delegate to an administrative agency the power to determine a fact or state of things upon which application of the law is made to depend, provided the law enunciates standards which may guide the administrative officers or board. . . . [A]dministrative rules adopted pursuant to a legislative grant of authority are presumed to be valid and should be upheld on judicial review if they are reasonably consistent with the statute being implemented.

(Citations omitted.) They argue that WAC 284–30–500-(2)(b) requires *all* companies to offer no–fault PIP insurance (*i.e.,* medical, hospital, wage loss, and loss of services benefits), in the amounts stated in the regulation, to *any* potential purchaser of automobile insurance who so requests. The companies thus contend that the Commissioner has attempted to legislate a mandatory no–fault insurance system in this State.

We do not read the challenged regulation as broadly. The Commissioner, who is responsible for the drafting of the language therein, emphatically states that the regulation was intended *not* to radically alter existing insurance laws. The Attorney General, as counsel for the Commissioner, concedes in his brief:

> The sole requirement imposed by [WAC 284–30–500-(2)(b)] is that *if* an insurer offers first–party medical payments or PIP coverage, and *if* a named insured requests the coverage in the higher amounts specified in the rule and pays the premium for it, then the insurer must provide medical payments or PIP coverage in the specified minimum amount. An insurer need not make any affirmative effort to inform insureds or insurance applicants of these minimum available amounts. An insurer is free to continue to offer coverage in amounts lower than those contained in the rule, or indeed, to offer no coverage. *Only when an insurer offers medical payments or PIP coverage at all—i.e., when there are such "approved forms commonly used by the insurer"—and only when an insured requests the higher amounts, must an insurer provide coverage in the minimum amounts of $35,000/$35,000/$40.*

(Italics ours.)

█ We agree with the trial court's observation that WAC 284–30–500(2)(b) is not a "model of clarity". In such situations, the Commissioner's interpretation of his own regulation is entitled to great weight. *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 379, 561 P.2d 195 (1977); *Vliet v. Department of Labor & Indus.*, 30 Wn. App. 709, 713, 638 P.2d 112 (1981), *review denied*, 97 Wn.2d 1002 (1982); *Spry v. Miller*, 25 Wn. App. 741, 745, 610 P.2d 931 (1980). When WAC 284–30–500(2)(b) is given the limited interpretation urged by the Commissioner, it does not constitute mandatory no–fault legislation. Rather it is merely a permissible regulation of the voluntary no–fault insurance market which has existed in this State since 1973. (See State Ins. Comm'r Bull. 73–6 (1973).) The Commissioner does not require companies to provide the types of protection specified in WAC 284–30–500(2)(b). The

Commissioner has only required the insurer, *if it provides such protection at all* (medical payments or PIP), to offer it in the enumerated amounts to insureds who so request.

The Commissioner reasonably could determine that an insurer's failure to offer the enumerated amounts of insurance under these circumstances is an "unfair or deceptive" practice. *See* RCW 48.30.010(2). The "Statement of Purpose" for WAC 284–30–500(2)(b) points out that lesser amounts of insurance may no longer provide insureds with the protection they need to cover lost wages and medical expenses. We find that the Commissioner reasonably could conclude that to offer lost wages and medical coverages in amounts smaller than he has required in the regulation would lead the insured to a sense of false security in present day economic conditions. The Commissioner could find that such small coverages could do little to make up for actual lost wages and medical costs and would actually be deceptive to the insurance buyer. As noted in *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 213, 643 P.2d 441 (1982):

> PIP coverage will not compensate an injured party, for example, for any pain and suffering. Neither will its protection exceed $20,000 in lost wages and an equal amount in medical coverage. This limited coverage simply is inadequate as a substitute for liability coverage, especially when the expenses of medical bills, lost wages, lost services and so on exceeds the modest PIP coverages.

The regulation here is within the authority of the statute empowering the Commissioner to define unfair or deceptive practices. *Brannan v. Department of Labor & Indus.,* 104 Wn.2d 55, 60, 700 P.2d 1139 (1985).

■ The companies raise additional challenges to the regulation. First, they contend that RCW 48.30.010 only allows the Commissioner to define and prohibit practices which are "deceptive", and that the practices at issue here, even if reasonably deemed "unfair", are not deceptive. The statutory language, however, expressly grants the Commissioner authority to regulate "unfair *or* deceptive" practices

(italics ours). Words in a statute are to be given their plain and ordinary. meaning unless a contrary intent appears. *Hewson Constr., Inc. v. Reintree Corp.,* 101 Wn.2d 819, 826, 685 P.2d 1062 (1984). Thus, as was true in *Horan v. Marquardt,* 29 Wn. App. 801, 807, 630 P.2d 947 (1981):

> [W]e believe [the challenged regulation] promotes the policy underlying the Commissioner's authority to regulate *unfair* practices and thus hold it to be a valid exercise of that authority.

(Italics ours.)

■ The companies also argue that (1) WAC 284–30–500(2)(b) may impose a burden on smaller companies who wish to offer PIP insurance but not in the amounts specified in the rule; and (2) if higher amounts of PIP insurance are required, they should be required in all cases, and not only where an insured requests the higher amounts. These arguments, however, address the wisdom or desirability of the regulation, and are beyond the purview of this court. *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 314, 545 P.2d 5 (1976).

## II

Next, the companies claim that WAC 284–30–500(2)(b) violates both the state and federal constitutional provisions which prohibit the impairment of contracts. *See* Const. art. 1, § 23; U.S. Const. art. 1, § 10. We disagree.

■■ The constitutional provisions are inapplicable to insurance contracts written after the effective date of the regulation. A contract is not considered impaired by a statute or regulation in force when the contract was made, since it is presumed that the contract was made in contemplation of existing law. *See Minish v. Hanson,* 64 Wn.2d 113, 115, 390 P.2d 704 (1964); *Eskay Plastics, Ltd. v. Chappell,* 34 Wn. App. 210, 212, 660 P.2d 764 (1983). Nor are contracts written prior to the regulation unconstitutionally impaired. As previously emphasized:

> There can be little doubt that the insurance industry bears such a relation to the public welfare as to render persons and businesses engaged in it subject to regulation

under the state's police power. Since the legislature cannot be expected to constantly supervise the industry, it is natural that it would delegate this power to the state official qualified to act in this area: the Insurance Commissioner.

(Citations omitted.) *Kueckelhan v. Federal Old Line Ins. Co. (Mut.)*, 69 Wn.2d 392, 405, 418 P.2d 443 (1966). Furthermore, as noted in *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 174, 570 P.2d 428, 97 A.L.R.3d 482 (1977):

[P]arties cannot complain of an impairment of their contract rights when this impairment comes about through the State acting within its police power for the health, welfare and good of the general public. It is presumed that parties contract with knowledge that reservation of essential attributes of sovereign power is written into all contracts as a postulate of the legal order.

*Accord, Aetna Life Ins. Co. v. Washington Life & Disab. Ins. Guar. Ass'n,* 83 Wn.2d 523, 539, 520 P.2d 162 (1974).

The companies have called our attention to *Ketcham v. King Cy. Med. Serv. Corp.,* 81 Wn.2d 565, 570, 502 P.2d 1197 (1972), which contains the following statement:

We are dealing with a right particularly enumerated in the constitution—the freedom to contract. By obligation of contract is meant "The law binds [the parties] to perform [their] undertaking." *Sturges v. Crowninshield,* 17 U.S. (4 Wheat.) 122, 4 L. Ed. 529 (1819). Neither the due process clause nor the impairment of contract clause of either constitution overrides the power of the state to establish regulations that are reasonably necessary to secure the health, safety, good order, comfort or general welfare of the community. But the test is one of reasonableness. If the obligation of contract is to be impaired by the exercise of the police power, there must be a rational connection between the accomplishment of the purpose and the means employed.

(Citations omitted.) We adopt that statement in support of the proposition that reasonable regulations designed to secure the general welfare of the community are constitutional if the regulations might achieve such a benefit. *Ketcham* involved a challenge to a statute which required

payment of the statements of optometrists for services even though optometrists were not participating provider–members of the health care service organization. The court held that to impose such a burden on the service organization was unconstitutional as an impairment of contract. The court continued, at page 576:

> The statute must pass the judicial test of reasonableness, and the courts will not sustain restrictions upon useful, lawful and unharmful activities of the people or the use of property in pursuance thereof unless it is shown that the restrictions sought to be imposed by means of the police powers are rationally connected to improving or benefiting the public peace, health, safety and welfare. A contract is impaired by a statute which alters its terms, imposes new conditions or lessens its value.

(Citations omitted.) We find nothing in *Ketcham* which precludes the Commissioner from requiring insurance contracts offered after the promulgation of the regulation to include higher levels of coverage for wage loss and medical costs. Nor do we find *Ketcham* indicating that the Commissioner, by the exercise of his authority to regulate, has altered, imposed new conditions on, or lessened the value of previously existing insurance contracts.

Here, the Legislature has expressly granted the Commissioner the authority to define "unfair or deceptive" practices in the insurance business. The Commissioner acted pursuant to this authority in promulgating WAC 284–30–500(2)(b), a regulation intended to provide insureds with adequate vehicle insurance protection and to assure that the effects of inflation not be permitted to erode that coverage previously deemed sufficient. We find no unconstitutional impairment of contract.

### III

The companies finally contend that the challenged regulation, WAC 284–30–500(2)(b), violates their right to due process. Their argument does not involve alleged procedural rights, but rather is simply a claim based upon "substantive due process" rights. The companies rely primarily

on *Northwestern Nat'l Ins. Co. v. Fishback,* 130 Wash. 490, 228 P. 516, 36 A.L.R. 1507 (1924). However, that opinion found no reasonable relationship between the regulation there involved, which limited the number of agents allowed to any one company in an area, and the public welfare. The decision dealt with a restriction on the right of citizens to pursue a particular vocation (insurance agent) and struck down as discriminatory a statute which denied persons the right to follow that calling; it did not deal with the regulation of the conduct of the insurance business.

■ Here a reasonable relationship does exist between the manner in which insurance coverage is offered to prospective customers and the public welfare. In matters relating to the conduct of the insurance business courts should not substitute their economic beliefs for the judgment of legislative bodies and should defer to the Legislature in the exercise of its police power to accomplish the regulation of unfair or deceptive economic practices. *Aetna,* at 534, citing *Ferguson v. Skrupa,* 372 U.S. 726, 10 L. Ed. 2d 93, 83 S. Ct. 1028, 95 A.L.R.2d 1347 (1963).

We uphold the challenged regulation as validly promulgated and constitutional. The judgment of the trial court is affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, GOODLOE, and DURHAM, JJ., concur.