[No. 28073-6-II.   Division Two.   January 24, 2003.]

H&H PARTNERSHIP, *Respondent*, v. THE STATE OF WASHINGTON, ET AL., *Appellants*.

*Christine O. Gregoire, Attorney General,* and *Elliott S. Furst, Senior Counsel,* for appellants.

*Michael W. Gendler* (of *Bricklin & Gendler*), for respondent.

BRIDGEWATER, J. — H&H Partnership obtained a shoreline development permit from the city of Tacoma. The Department of Ecology (Ecology) appealed to the Shorelines Hearings Board (Board) more than 21 days after receiving the city's decision, arguing that WAC 173-27-130(6) gave it time until there was a "complete submittal." H&H moved for dismissal, and the Board denied H&H's motion. H&H then petitioned the superior court to dismiss Ecology's appeal. After determining that WAC 173-27-130(6) exceeded Ecology's authority under the Shoreline Management Act of 1971, chapter 90.58 RCW, the superior court dismissed Ecology's appeal as untimely and awarded H&H attorney fees. We hold that Ecology could not expand the time limit of 21 days the legislature set in its unambiguous statute by the adoption of WAC 173-27-130(6). We affirm.

H&H Partnership owns and operates Luciano's Casino and Restaurant on the Tacoma waterfront. In 1998, H&H sought a shoreline development permit from the city of Tacoma to expand Luciano's. In January 2001, the city granted the permit request. In accordance with the Shoreline Management Act (SMA)—specifically, RCW 90.58.140(6)—the city sent its final decision on H&H's permit application to Ecology and the Office of Attorney General. After Ecology received the decision, it had 21 days to appeal.[1]

Ecology acknowledged that it received the decision on January 8, 2001, but informed the city that the decision was incomplete, citing WAC 173-27-130, which requires certain documents and information to form a "complete submittal."[2] Thus, according to Ecology, the 21-day appeal period had not started. On February 20, 2001, the city provided

---

[1] *See* RCW 90.58.180(2) and RCW 90.58.140(6).

[2] WAC 173-27-130(3).

Ecology with a "complete" permit decision, triggering the 21-day appeal period. Clerk's Papers (CP) at 190.

In March 2001, Ecology petitioned the Board for review of the city's permit decision. H&H then moved to dismiss the appeal as untimely, arguing that the 21-day appeal period ran from January 8, 2001, when Ecology acknowledged that it had received the city's decision. H&H also argued that WAC 173-27-130(6) and 173-27-180 conflicted with provisions of the SMA. The Board denied H&H's motion and concluded that the 21-day appeal period did not begin to run until the city filed a complete submittal and that the WACs were consistent with the SMA.

H&H then petitioned the superior court to dismiss Ecology's, appeal, arguing that WAC 173-27-130(6) and 173-27--180 exceeded Ecology's authority under the SMA. The superior court ruled in H&H's favor, invalidated WAC 173-27-130(6), and remanded the matter to the Board with instructions to dismiss Ecology's appeal as untimely.

H&H then moved for attorney fees under the Washington equal access to justice act, citing RCW 4.84.350. The superior court awarded H&H its fees and costs, finding that Ecology had not proved that it was substantially justified in adopting a rule that exceeded its authority.

## I. Standard of Review

■ We review the validity of an agency rule under RCW 34.05.570.[3] A rule is invalid under RCW 34.05.570(2)(c) if it (1) violates constitutional provisions, (2) exceeds the agency's statutory authority, (3) was adopted without complying with statutory rule-making procedures, or (4) is arbitrary and capricious in that it could not have been the product of a rational decision maker. The superior court found that WAC 173-27-130(6) exceeded Ecology's authority under the

---

[3] *Wash. Indep. Tel. Ass'n v. Telecomms. Ratepayers Ass'n for Cost-Based & Equitable Rates*, 75 Wn. App. 356, 362, 880 P.2d 50 (1994).

SMA. We review such an issue de novo, as a question of law.[4]

■■ Anyone attacking the validity of an administrative rule must show "compelling reasons" why the rule conflicts with the legislation's intent and purpose.[5] Because the legislature granted rule-making authority to Ecology,[6] we presume that WAC 173-27-130(6) is valid and will uphold it if "reasonably consistent" with the SMA.[7] We hold that the rule is inconsistent with the SMA and therefore invalid.

## II. WAC 173-27-130 and the SMA

■■ The SMA is unambiguous in specifying the time requirements for obtaining the Board's review of a local government's shoreline permit decision. RCW 90.58.180(1) provides that "[a]ny person aggrieved" by a shoreline permit decision may seek review "by filing a petition for review within twenty-one days of the date of filing as defined in RCW 90.58.140(6)." RCW 90.58.180(2) establishes an identical time requirement for Ecology to seek review of a permit decision.

> The department [of Ecology] or the attorney general may obtain review of any *final decision* granting a permit, or granting or denying an application for a permit issued by a local government by filing a written petition with the shorelines hearings board and the appropriate local government

---

[4] *State v. Ford*, 110 Wn.2d 827, 831, 755 P.2d 806 (1988).

[5] *Green River Cmty. Coll., Dist. No. 10 v. Higher Educ. Pers. Bd.*, 95 Wn.2d 108, 112, 622 P.2d 826 (1980); *see also* RCW 34.05.570(1)(a).

[6] RCW 90.58.200 ("The department [of Ecology] and local governments are authorized to adopt such rules as are necessary and appropriate to carry out the provisions of this chapter.").

[7] *Brannan v. Dep't of Labor & Indus.*, 104 Wn.2d 55, 60, 700 P.2d 1139 (1985); *see also Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus.*, 84 Wn. App. 401, 405, 929 P.2d 1120 (1996) ("We will invalidate a regulation if it is in conflict with the intent and purpose of the legislation or exceeds the agency's statutory authority."), *review denied*, 132 Wn.2d 1009 (1997).

within twenty-one days *from the date the final decision was filed* as provided in RCW 90.58.140(6).[8]

RCW 90.58.140(6) provides:

Any decision on an application for a permit . . . *whether it is an approval or a denial*, shall, concurrently with the transmittal of the ruling to the applicant, be filed with the department and the attorney general. With regard to a permit[,] . . . *"date of filing"* . . . *means the date of actual receipt by the department.*[9]

In short, the SMA allows Ecology to appeal a local government's "final decision" on a shoreline permit application within 21 days of receiving that decision. But Ecology argues that under WAC 173-27-130(6), the 21-day appeal period does not begin until Ecology receives a "complete submittal" from the local government issuing the final decision. The rule provides: " 'Date of Filing' of a local government final decision involving approval or denial of a substantial development permit, or involving a denial of a variance or conditional use permit, is the date of actual receipt of a complete submittal by the department."[10]

WAC 173-27-130(3), defining "complete submittal," provides:

A complete submittal shall consist of the following documents and information:

(a) A copy of the complete application pursuant to WAC 173-27-180;

(b) Findings and conclusions that establish the basis for the decision including . . . identification of shoreline environment designation, applicable master program policies and regulations and the consistency of the project with appropriate review criteria for the type of permit(s) as established in WAC 173-27--140 through 173-27-170;

(c) The *final decision of the local government*;

(d) The permit data sheet required by WAC 173-27-190; and

---

[8] RCW 90.58.180(2) (emphasis added).

[9] RCW 90.58.140(6) (emphasis added).

[10] WAC 173-27-130(6).

(e) Where applicable, local government shall also file the applicable documents required by chapter 43.21C RCW, the State Environmental Policy Act, or in lieu thereof, a statement summarizing the actions and dates of such actions taken under chapter 43.21C RCW.[11]

Thus, under WAC 173-27-130, a "complete submittal" includes documents other than a "final decision."

WAC 173-27-130 impermissibly modifies the SMA by requiring more than a "final decision" to trigger the 21-day appeal period. An administrative agency cannot modify or amend statute by regulation.[12] Indeed, a rule that conflicts with a statute is beyond an agency's authority and invalidation of the rule is proper.[13]

Ecology claims that WAC 173-27-130 does not modify the SMA but only establishes the level of documentation required to trigger the 21-day appeal period. This argument is unpersuasive because RCW 90.58.140(6) and RCW 90.58.180 (2) are not ambiguous.[14] Read together, the statutes provide that the 21-day appeal period begins when Ecology receives the local government's final decision on a permit application.

Furthermore, there is no ambiguity as to the meaning of "final decision" as it appears in the SMA. Ecology conceded at oral argument that the city's decision was a "final decision." But WAC 173-27-130(6) requires more than a final decision to trigger the 21-day appeal period as it requires the other documents comprising a "complete submittal."

---

[11] WAC 173-27-130(3) (emphasis added).

[12] *Bird-Johnson Corp. v. Dana Corp.*, 119 Wn.2d 423, 428, 833 P.2d 375 (1992).

[13] *Wash. Fed'n of State Employees v. State Pers. Bd.*, 54 Wn. App. 305, 308, 773 P.2d 421 (1989).

[14] Absent ambiguity, there is no need for Ecology's expertise in construing the statutes. *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 628, 869 P.2d 1034 (1994). Similarly, this court will not defer to an agency determination that conflicts with a statute. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 815, 828 P.2d 549 (1992).

We will not manufacture ambiguity where none exists.[15] The trial court did not err; the rule is invalid.

## III. Attorney Fees

Ecology contends that the superior court should not have awarded H&H attorney fees under the equal access to justice act[16] because Ecology was "substantially justified" in adopting WAC 173-27-130(6). The act grants attorney fees to a qualified party that successfully challenges agency action, unless the court finds that the action was substantially justified.[17]

■■ "Substantially justified" means "justified to a degree that could satisfy a reasonable person."[18] In other words, agency action is substantially justified if it has a reasonable basis both in law and fact.[19] We review a determination that agency action was not substantially justified for an abuse of discretion.[20]

WAC 173-27-130 modified the SMA by requiring more than a "final decision" to trigger the 21-day appeal period. Ecology had no basis in the law to modify a statute by regulation. Accordingly, the superior court properly awarded H&H attorney fees below. H&H is also entitled to its attorney fees on appeal upon compliance with RAP 18.1.

Affirmed.

SEINFELD and ARMSTRONG, JJ., concur.

---

[15] *Am. Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co.*, 134 Wn.2d 413, 428, 951 P.2d 250 (1998).

[16] Chapter 4.84 RCW.

[17] RCW 4.84.350(1).

[18] *Alpine Lakes Prot. Soc'y v. Dep't of Natural Res.*, 102 Wn. App. 1, 19, 979 P.2d 929 (1999).

[19] *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).

[20] *Alpine Lakes*, 102 Wn. App. at 19.