FILED
COURT OF APPEALS
DIVISION II

2015 MAY 12 AM 8: 40

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JAMES WATKINS, | No. 45327-4-II |
| Respondent, | |
| v. | |
| STATE OF WASHINGTON; DEPARTMENT OF LICENSING, | PUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — James Watkins was arrested for driving under the influence of alcohol

and the Department of Licensing notified him that it would be revoking his driving privileges for

refusing to take a breath test. After the Department's hearings examiner ruled that Watkins's

privileges should be revoked, the superior court reversed the ruling because the arresting officer

did not certify his report. The Department appeals, arguing that a second officer's certified

report gave the Department jurisdiction under the implied consent statute[1] to revoke Watkins's

driving privileges, that the arresting officer's uncertified arrest report was admissible because it

accompanied the certified report, and that admitting the arresting officer's uncertified report did

not violate due process. We agree with the Department, reverse the superior court, and affirm

the hearing examiner's ruling sustaining the revocation of Watkins's driving privileges.

---

[1] Former RCW 46.20.308 (2012) (amended by Laws of 2012, ch.80, § 12); *see also Didlake v. Wash. State*, ___Wn. App. ___, 345 P.3d 43, 46 n.13 (2015). We refer to the version of former RCW 46.20.308 that was in effect when Watkins requested his administrative hearing on December 3, 2012.

No. 45327-4-II

## FACTS

Officer Matthew Smith stopped a vehicle being driven by James Watkins. Watkins had watery and bloodshot eyes and a strong odor of intoxicants coming from his person. After Watkins refused to submit to field sobriety tests, Officer Smith arrested Watkins for driving under the influence of alcohol (DUI).

Officer Smith transported Watkins to the Fircrest Police Department to meet with Washington State Trooper Timothy Rushton for DUI processing. Trooper Rushton provided Watkins with the warnings required by the implied consent statute and asked Watkins whether he would take a breath test. Former RCW 46.20.308 (2012). Watkins refused.

Trooper Rushton submitted a 16 page exhibit to the Department of Licensing. The exhibit's first document was Trooper Rushton's five page certified report. The first page of Rushton's certified report had a checked box next to "Refused Test." Clerk's Papers (CP) at 32. The first page further stated:

> The subject was lawfully arrested. At that time, there were reasonable grounds to believe that the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both . . . .
>
> After receipt of the warnings required by subsection (2) of RCW 46.20.308, a test was administered and the results indicated that the alcohol concentration of the person's breath or blood was 0.08 or more . . . . OR
>
> After receipt of the warnings required by subsection (2) of RCW 46.20.308, the person refused to submit to a test of his/her blood or breath.
>
> . . . .
>
> *I certify (or declare) under penalty of perjury . . . that the foregoing **and the accompanying reports/copies of documents and the information contained therein** are true, correct, and accurate.*

CP at 32 (emphasis added). Trooper Rushton signed the first page at the bottom. The exhibit contained additional documents accompanying Trooper Rushton's certified report, including Officer Smith's uncertified arrest report.

After the Department notified Watkins it would be revoking his driving privileges for one year for driving under the influence, Watkins requested and received an administrative hearing. Trooper Rushton testified at the hearing.

The hearing examiner concluded that Trooper Rushton's certified report gave it jurisdiction under the implied consent statute to revoke Watkins's driving privileges and that the entire exhibit was admissible, including Officer Smith's uncertified arrest report. The hearing examiner affirmed the Department's revocation of Watkins's driving privileges, ruling that Officer Smith had a legal basis to pull over Watkins and had probable cause to arrest Watkins. The hearing examiner also ruled that Officer Smith had reasonable grounds to suspect Watkins was driving under the influence and that Watkins refused to submit to a breath test after receiving proper warnings.

Watkins appealed the hearing examiner's decision to the superior court. The superior court reversed the hearing examiner, ruling:

> The Department erred in relying upon [Officer Smith's] unsworn [and uncertified] report to establish jurisdiction and probable cause for the stop and arrest. [Officer Rushton] could not properly certify another officer's unsworn [and uncertified] report under penalty of perjury. The Department's action is hereby reversed.

CP at 71. We granted discretionary review. Ruling Granting Review, *Watkins v. Dep't of Licensing*, No. 45327-4-II, at 9 (Wash. Ct. App. Feb. 7, 2014).

ANALYSIS

The implied consent statute governs our review of the Department's order. Former RCW 46.20.308(9) (October 1, 2012); *Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 48, 50 P.3d 627 (2002). The implied consent statute generally provides that a driver is deemed to have consented to a blood or breath test if at the time of his arrest, the arresting officer has reasonable grounds to suspect that the driver was operating a motor vehicle under the influence. Former RCW 46.20.308. If the driver refuses to take the test after receiving a series of required warnings informing him of his rights, then the person's driving privileges may be revoked. *State v. Rogers*, 37 Wn. App. 728, 731, 683 P.2d 608 (1984). The purpose of the implied consent statute is to "'insure swift and certain punishment for those who drink and drive,'" and "free Washington roads of drivers who take the wheel under the influence of alcohol or controlled substances." *State v. Vasquez*, 148 Wn.2d 303, 315, 59 P.3d 648 (2002) (quoting former RCW 46.20.308 Historical and Statutory Notes, "Legislative. finding, intent-1983 ch. 165" at 387).

We review the Department's administrative decisions "from the same position as the superior court." *Clement v. Dep't of Licensing*, 109 Wn. App. 371, 374, 35 P.3d 1171 (2001). We review errors of law de novo and findings of fact for substantial evidence. *See Lynch v. Dep't of Licensing*, 163 Wn. App. 697, 705, 262 P.3d 65 (2011).

The issue on appeal concerns interpretation of the implied consent statute. Interpretation of a statute is a question of law that we review de novo. *Grey v. Leach*, 158 Wn. App. 837, 844, 244 P.3d 970 (2010). When interpreting a statute, we seek to ascertain the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Where a

No. 45327-4-II

statute's meaning is plain on its face, we give effect to that meaning as expressing the legislature's intent. 146 Wn.2d at 9-10.

I. THE DEPARTMENT'S JURISDICTION TO REVOKE WATKINS'S DRIVING PRIVILEGES

The Department argues that although Trooper Rushton was not the arresting officer, his certified report gave the Department jurisdiction to revoke Watkins's driving privileges. We agree.

Former RCW 46.20.308 sets forth the procedure that law enforcement and the Department must follow before revoking driving privileges, stating in part:

> (2) The test or tests of breath shall be administered *at the direction of a law enforcement officer having reasonable grounds to believe* the person to have been driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or any drug . . . . The officer shall warn the driver, in substantially the following language, [the following warnings]. .
>
> . . . .
>
> (6) If, after arrest and after the other applicable conditions and requirements of this section have been satisfied . . . the person refuses to submit to a test, *the arresting officer or other law enforcement officer at whose direction any test has been given,* or the department, where applicable, if the arrest results in a test of the person's blood, shall:
>
> . . . .
>
> (e) Immediately notify the department of the arrest and transmit to the department . . . a sworn report or [certified] report . . . authorized by [former] RCW 9A.72.085 [1981][2] that states:
> (i) That the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both . . . .
> (ii) That after receipt of the warnings required by subsection (2) of this section the person refused to submit to a test of his or her blood or breath . . . and
> (iii) Any other information that the director may require by rule.[3]

---

[2] Former RCW 9A.72.085 provided that where the law requires or allows a fact to be supported by a sworn written statement, an unsworn written statement that is certified according to former RCW 9A.72.085 will suffice.

[3] The parties did not argue, either here or at the superior court, that Department rules required an officer to provide additional information in the certified report.

(7) The department of licensing, upon the receipt of a sworn report or [certified] report . ... under subsection (6)(e) of this section, shall suspend, revoke, or deny the person's license, permit, or privilege to drive.

(Emphasis added).

The implied consent statute requires the Department to receive a sworn or certified report before revoking a person's driving privileges. Former RCW 46.20.308. Under former RCW 46.20.308(7), a sworn or certified officer's report in compliance with former RCW 46.20.308(6)(e) was a jurisdictional prerequisite to the Department's power to revoke driving privileges. *Broom v. Dep't of Licensing*, 72 Wn. App. 498, 502, 865 P.2d 28 (1994); *Martinez v. Dep't of Licensing*, 70 Wn. App. 398, 401, 854 P.2d 43 (1993). But as Division One of this court stated in *Broom*:

> We hold that it is the existence of a certified report, not its contents, that confers jurisdiction on [the Department] and that the use of summary language in a report is adequate, so long as it sets forth the information required by RCW 46.20.308(6). In holding that the contents of a report are not the basis of [the Department's] jurisdiction, we do not suggest that a report containing a significant variation from or an omission of the information required under RCW 46.20.308(6) would be adequate to confer jurisdiction. We hold only that the use of summary language will not defeat jurisdiction where the summary language accurately conveys the information required under the statute.

72 Wn. App. at 503-04.[4]

Under former RCW 46.20.308's plain meaning, any officer "having reasonable grounds to believe the person to have been driving . . . under the influence" could direct the administration of a breath test. Former RCW 46.20.308(2). Providing the required warnings and

---

[4] It is clear from *Broom*'s language that the court was discussing the certified report identified in subsection (e) of former RCW 46.20.308(6).

complying with a defendant's refusal to take a breath test constituted "administration" of a breath test, even where the person never actually took a breath test. *See* former RCW 46.20.308(2), (6).

Where such an officer had directed the administration of a breath test and the person refused to submit to the breath test, that officer could provide the certified report required by former RCW 46.20.308(6)(e). Former RCW 46.20.308(6)(e)(i) required the report to state "*[t]hat* the officer had reasonable grounds to believe the arrested person had been driving . . . under the influence." (Emphasis added). But former RCW 46.20.308 did not require the report to explain those reasonable grounds, and we do not analyze the report's substance to determine the reasonableness of the officer's grounds. *See Broom*, 72 Wn. App. at 503-04.

Here, Trooper Rushton directed the administration of Watkins's breath test and provided a certified report to the Department. Trooper Rushton's certified report met the requirements of former RCW 46.20.308(6)(e) by stating that there were reasonable grounds to believe Watkins had been driving under the influence and that after receipt of the warnings required by the implied consent statute, Watkins refused to submit to a breath test. Thus, we hold Trooper Rushton's report was sufficient to give the Department jurisdiction to revoke Watkins's driving privileges.

## II. ADMISSIBILITY OF OFFICER SMITH'S UNCERTIFIED ARREST REPORT

The Department argues that Officer Smith's uncertified arrest report was admissible at Watkins's hearing because it accompanied Trooper Rushton's certified report. Watkins argues that admission of Officer Smith's uncertified arrest report violated former RCW 46.20.308 and deprived him of due process. We agree with the Department.

A.    *Former RCW 46.20.308*

The Department argues that Officer Smith's uncertified arrest report was admissible under former RCW 46.20.308. We agree.

Our Supreme Court has held:

> At the hearing, the law enforcement officer's sworn [or certified] report is prima facie evidence of a valid arrest and compliance with the requirements of the implied consent statute. The sworn [or certified] report and *any other evidence accompanying it,* as well as certifications authorized by the criminal rules for courts of limited jurisdiction, *are admissible at the hearing without further evidentiary foundation.*

*Cannon*, 147 Wn.2d at 51 (emphasis added) (internal citation omitted); *see also Ingram v. Dep't of Licensing*, 162 Wn.2d 514, 522, 173 P.3d 259 (2007). WAC 308-103-120(1) states:

> The hearing officer shall rule on the admissibility and weight to be accorded to all evidence submitted at the hearing. Evidence, including hearsay evidence, is admissible if in the judgment of the hearing officer it is the kind of evidence on which reasonably prudent persons are accustomed to rely on in the conduct of their affairs.

*See also Ingram*, 162 Wn.2d at 525. "Hearing officers are directed to liberally construe admissibility to 'insure swift and certain punishment for those who drink and drive.'" 162 Wn.2d at 523 (quoting *Vasquez*, 148 Wn.2d at 315).

Here, Officer Smith's uncertified arrest report accompanied Trooper Rushton's certified report. Thus, Officer Smith's uncertified arrest report was "admissible at the hearing without further evidentiary foundation." *Cannon*, 147 Wn.2d at 51. Although Officer Smith's uncertified arrest report constituted hearsay, this hearsay was admissible because reasonably prudent persons are accustomed to rely on this kind of evidence in the conduct of their affairs. *See State v. Patterson*, 37 Wn. App. 275, 277-78, 679 P.2d 416 (1984) (when determining whether to issue a warrant, "a magistrate may rely upon an affidavit or testimony of a police

officer even though it relays hearsay information from other officers"). Thus, the hearing examiner did not err by admitting Officer Smith's uncertified arrest report.

B.     *Due Process*

The Department argues that admitting Officer Smith's uncertified arrest report did not deprive Watkins of due process. We agree.

We review constitutional issues de novo. *See Durland v. San Juan County*, 182 Wn.2d 55, 70, 340 P.3d 191 (2014). The State must provide due process when it deprives an individual of life, liberty, or property. U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3. Because driving privileges are a protected property interest, revoking such privileges must comply with due process. *See Martin v. State Dep't of Licensing*, 175 Wn. App. 9, 21, 306 P.3d 969 (2013).

Procedural due process requires providing the litigant with notice and an opportunity to be heard, which requires providing the litigant an opportunity to confront witnesses against him or her. 175 Wn. App. at 21. The State bears the burden of proving due process was provided. 175 Wn. App. at 21.

When we consider the specific dictates of due process we consider three factors from *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). *City of Bellevue v. Lee*, 166 Wn.2d 581, 586, 210 P.3d 1011 (2009). The three *Mathews* factors are: (1) the private interest that will be affected by the court's action; (2) the risk of erroneously depriving a person of that interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the State's interest, including the function involved and fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Mathews*, 424 U.S. at 335.

9

Watkins supports his argument with *Nirk v. Kent Civil Service Commission*, which concerned a civil service discharge hearing that resulted in a police officer's permanent discharge. 30 Wn. App. 214, 633 P.2d 118 (1981). The officer's counsel requested that the hearing examiner place the witnesses under oath, but the hearing examiner refused. 30 Wn. App. at 214-15. Division One of this court reversed the police officer's discharge, holding witnesses in civil service discharge hearings must be placed under oath. 30 Wn. App. at 217-19, 221. While legislative intent provided the primary justification for the court's holding, it also held that due process required witnesses to be under oath in civil service discharge proceedings:

> [Witness] statements should be under oath even when the testimony is written. Such a requirement poses a minimal inconvenience to the administrative body and is consistent with the informality of the hearing.
>
> . . . .
>
> [W]ithout sworn testimony a reviewing court is unable to review the Commission's decision on appeal. In reviewing an adjudicatory administrative decision, a court must presume that the evidence presented is truthful. . . . In the case of unsworn testimony, however, the evidence cannot be given the traditional presumption of truthfulness and we are, therefore, unable to perform our appellate review function.
>
> . . . .
>
> [C]onsidering the importance of the oath, the significant interests at stake in a discharge hearing, the legislative provision authorizing the administration of oaths, and the minimal inconvenience that such a requirement would cause, due process requires that witnesses be sworn at a civil service discharge hearing.

30 Wn. App. at 219-21 (internal citations omitted). We hold that considering the *Mathews* factors, this case is distinguishable from *Nirk*.

First, the private interest affected here was driving privileges. While driving privileges are a protected property interest, they are not equal to an interest in employment because depriving an individual of employment often "'call[s] into question [the litigant's] good name, honor or integrity.'" *See* 30 Wn. App. at 216 (quoting *State v. Civil Serv. Comm'n*, 25 Wn. App. 174, 182, 605 P.2d 796 (1980)).

Second, both the risk of erroneously depriving an individual of driving privileges by admitting an uncertified arrest report whose accuracy was certified by another officer and the probable value of excluding such an uncertified arrest report are insignificant. Where one officer's certified report declared under penalty of perjury that an uncertified arrest report was accurate, that uncertified arrest report's accuracy was supported by a certified report, unlike the witnesses in *Nirk*. Furthermore, in hearings to revoke driving privileges, the defendant has the right to confront officers providing evidence against him by subpoenaing the officer to testify under oath at the hearing. *See Martin*, 175 Wn. App. at 21-22; *Weekly v. Dep't of Licensing*, 108 Wn. App. 218, 225, 27 P.3d 1272 (2001); WAC 308-103-140. Thus, the risk of erroneously depriving an individual of driving privileges by admitting an uncertified arrest report whose accuracy was certified by another officer, and the probable value of excluding such an uncertified arrest report, are insignificant.

Third, considering the State's interest, Watkins's argument asks us to require each witness who provides a statement accompanying an officer's certified report to certify his or her own statement. This would place an additional administrative burden on the State, by requiring the State to obtain a certification from each witness whose statement accompanied an officer's certified report. This administrative burden could compromise an integral function of the driving privileges revocation procedure: rapidly removing intoxicated drivers from the road. *See Vasquez*, 148 Wn.2d at 315. Thus, the third factor leans in favor of the Department. Applying the *Mathews* factors, we hold due process allowed admission of Officer Smith's uncertified report in Watkins's hearing.

11

No. 45327-4-II

Because Trooper Rushton's report was sufficient to give the Department jurisdiction to revoke Watkins's driving privileges and Officer Smith's uncertified arrest report was admissible at Watkins's revocation hearing, we affirm the hearing examiner's ruling sustaining the revocation of Watkins's driving privileges, which effectively reverses the superior court.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.

12