

FILED
COURT OF APPEALS DIVI
STATE OF WASHINGTON

2017 NOV 20 AM IU: 00

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| EARL M. SOUSHEK, | ) | No. 75345-2-I |
|  | ) |  |
| Appellant, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| STATE OF WASHINGTON | ) | PUBLISHED |
| DEPARTMENT OF LICENSING, | ) |  |
|  | ) | FILED: <u>November 20, 2017</u> |
| Respondent. | ) |  |
|  | ) |  |

Cox, J. — The primary issue in this case is whether Earl Soushek was entitled to assert a statutory affirmative defense to the revocation or suspension of his driver's license pursuant to the Implied Consent Statute. Specifically, was he entitled to assert the defense, which first became effective on September 26, 2015, in response to an "action . . . to suspend, revoke, or deny the privilege to drive" commenced prior to that date. Because statutes are presumed to operate prospectively, and Soushek fails in his burden to show that the affirmative defense statute operates otherwise, we affirm the suspension of his driver's license.

The material facts are undisputed. At 9:26 a.m. on August 27, 2015, a Renton police officer conducted a welfare check after receiving a report of a car

with its engine running, in the parking lot in front of a Dairy Queen. He saw Soushek sitting in the driver's seat, slumped over. The keys were in the ignition, the car was in park, and the motor was running. The officer observed a large glass bottle containing a dark brown liquid on the passenger side of the vehicle. He removed the keys from the ignition and placed them on the roof of the vehicle for public safety.

The officer suspected that Soushek was impaired, but Soushek denied drinking. Soushek told the officer that his friend had been driving and he had not. He said that his friend was working across the street. The officer noted that Soushek had glossy, watery eyes, an odor of intoxicants on his breath, and repetitive and slurred speech.

The officer arrested Soushek on suspicion of having physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. Soushek voluntarily submitted to a breath test, and the results showed that his breath alcohol content exceeded the .08 limit.

The Department notified Soushek that his license would be suspended for two years pursuant to the Implied Consent Statute.

Thereafter, on September 26, 2015, an amendment to RCW 46.61.504 became effective. In substance, the amendment created a statutory affirmative defense to an action to suspend or revoke a driver's license under the Implied Consent Statute.

Soushek requested a hearing to contest the action to suspend his license. At his hearing on November 9, 2015, he asserted the affirmative defense that

became effective on September 26, 2015. Specifically, he claimed that he had moved the car safely off the roadway prior to the police officer checking on him.

The hearing officer sustained the Department's suspension of Soushek's driver's license. On RALJ review, the superior court affirmed the hearing officer's decision.

We granted Soushek's motion for discretionary review.

## AVAILABILITY OF THE AFFIRMATIVE DEFENSE

Soushek argues that he was entitled to assert the statutory affirmative defense, which first became effective on September 26, 2015, at his hearing on November 9, 2015. We disagree.

The Implied Consent Statute requires the Department to suspend or revoke the driving privileges of someone who is arrested for being in physical control of a vehicle while under the influence of alcohol and whose breath test reveals an alcohol concentration above the legal limit.[1] That statute governs this court's review.[2]

We review the Department's decision from the same position as the superior court, and review is conducted in the same manner as an appeal from a

---

[1] RCW 46.20.308.

[2] Cannon v. Dep't of Licensing, 147 Wn.2d 41, 48, 50 P.3d 627 (2002); RCW 46.20.308(8).

decision of a court of limited jurisdiction.[3] We determine whether the Department committed any errors of law.[4]

"Statutory amendments are presumed to operate prospectively."[5] "On a practical level, we consider a statute to be retroactive if the 'triggering event' for its application happened before the effective date of the statute."[6] A statute operates prospectively if the triggering or "'precipitating event for operation of the statute occurs after enactment, even when the precipitating event originated in a situation existing prior to enactment.'"[7]

We review de novo the applicability of an amended statute.[8]

Before 2015, the physical control of a motor vehicle statute provided that it was an affirmative defense to the *crime* of having physical control over a motor vehicle while under the influence of intoxicating liquor or drugs. The defense applies if "prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway."[9]

---

[3] Clement v. Dep't of Licensing, 109 Wn. App. 371, 374, 35 P.3d 1171 (2001); RCW 46.20.308(8).

[4] Id.; RALJ 9.1(a)(b).

[5] In re Pers. Restraint of Flint, 174 Wn.2d 539, 546, 277 P.3d 657 (2012).

[6] State v. Pillatos, 159 Wn.2d 459, 471, 150 P.3d 1130 (2007).

[7] Id. (quoting Matter of Estate of Burns, 131 Wn.2d 104, 110-11, 928 P.2d 1094 (1997).

[8] Watkins v. Dep't of Licensing, 187 Wn. App. 591, 597, 349 P.3d 946 (2015).

[9] RCW 46.61.504(2).

In 2015, the legislature amended the physical control statute to apply this same "safely off the roadway" ("SOTR") affirmative defense to *license suspension and revocation* proceedings brought pursuant to the Implied Consent Statute.[10] The amendment took effect September 26, 2015.[11] It provided, in relevant part, as follows:

> No person may be convicted under this section *and it is an affirmative defense to any action pursuant to RCW 46.20.308 to suspend, revoke, or deny the privilege to drive* if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway.[12]

Soushek argues that he was entitled to assert the SOTR affirmative defense because the amendment to RCW 46.61.504 was in effect at the time of his hearing on November 9, 2015. This is incorrect.

Statutes presumably operate prospectively. It is his burden to show otherwise.

Soushek argues that the SOTR amendment operates prospectively here because the triggering or precipitating event was the administrative hearing to revoke or suspend his license. He argues that the hearing was the first time he could raise the affirmative defense and the first time the hearing officer had an opportunity to consider it. This argument is unpersuasive.

---

[10] Id.; see RCW 46.20.308.

[11] 2015 2nd Spec. Session ch. 3 § 24.

[12] RCW 46.61.504(2) (emphasis added).

In determining a statute's triggering date, we first look at the plain language of the enactment.[13] Here, the plain language provides that the affirmative defense is available in "any *action* pursuant to RCW 46.20.308 to suspend, revoke, or deny the privilege to drive."[14] The word "action" is not defined in the statute.

"[W]hen a statutory term is undefined" we may look to a dictionary definition to determine the term's meaning.[15] "Action" in the legal sense has been defined as a "civil or criminal judicial proceeding."[16] Thus, the "action" referred to in the SOTR amendment is a civil action by the Department to suspend or revoke a driver's license.

But this definition of the word "action" is not particularly helpful to the extent it suggests that the affirmative defense may be asserted at any time during the administrative proceeding. For example, depending on the circumstances of a particular case, there could be various times during the "action" when the affirmative defense might be asserted. It would not necessarily be confined to the hearing itself, as Soushek argues. Rather, his argument suggests a moving target for the triggering event---when an affirmative defense may be asserted---and makes no sense.

---

[13] Pillatos, 159 Wn.2d at 471.

[14] RCW 46.61.504(2) (emphasis added).

[15] State v. Belgarde, 119 Wn.2d 711, 716, 837 P.2d 599 (1992).

[16] BLACK'S LAW DICTIONARY 35 (10th ed. 2014).

This administrative process is a civil proceeding, and in civil proceedings, actions are considered to commence upon serving notice of a complaint.[17] Thus, the "action" for purposes of RCW 46.61.504(2) and the Implied Consent Statute begins, and the affirmative defense triggered, when the Department revokes a driver's license.

Relying on Frank v. Washington State Department of Licensing, the Department argues that the action began when it notified Soushek of the revocation.[18] In Frank, Division Three of this court observed that a license revocation proceeding involves a "three-step process."[19] The first step is the Department's revocation of the driver's license.[20] If the driver objects, the hearing is the second step.[21] Any appeal to the superior court is step three.[22]

It is undisputed that step one of the process in this case—the notification of revocation—occurred prior to the September 26, 2015 effective date of the statutory affirmative defense. This was the triggering date for the use of that defense.

---

[17] See CR 3(a).

[18] 94 Wn. App. 306, 310, 972 P.2d 491 (1999).

[19] Id.

[20] Id.

[21] Id.

[22] Id.

Soushek relies on State v. Pillatos as support for his argument that the triggering event must be the hearing.[23] His reliance is misplaced.

In Pillatos, the supreme court addressed statutory amendments to the Sentencing Reform Act that provided new procedures for juries to find facts justifying exceptional sentences if "[a]t any time prior to trial or entry of the guilty plea," the State gives notice it is seeking an exceptional sentence.[24] The supreme court determined that application of the statutory amendment to defendants who had yet to be sentenced was not retroactive because the amendment expressly provided that trial or entry of the guilty plea is the triggering event, not commission of the underlying crime.[25]

Here, there is no similar language in the SOTR amendment expressly providing that the triggering event is the hearing.[26] Nowhere does the statute use the word "hearing." Thus, that case is distinguishable.

Moreover, in Pillatos, the amendments did not change the legal consequences attached to any prior event such as commission of the crime but instead constituted a procedural change.[27] The supreme court noted that before the amendment, a defendant already knew he or she was subject to exceptional

---

[23] 159 Wn.2d 459, 468, 150 P.3d 1130 (2007).

[24] Id.

[25] Id. at 471.

[26] See id.; RCW 46.20.504(2).

[27] Pillatos, 159 Wn.2d at 470, 472.

sentencing—the only difference was a change in the procedure for imposing an exceptional sentence.[28]

This case is distinguishable from Pillatos because here the SOTR amendment is a substantive change, not a procedural one. It changed the legal effect of Soushek's prior act of exercising control over a vehicle while intoxicated by allowing him to raise an affirmative defense previously unavailable in a license suspension/revocation proceeding.[29]

Soushek next argues that even if application of the SOTR affirmative defense is retroactive, it nonetheless applies in his case because the amendment is remedial. We again disagree.

The presumption that a statutory amendment operates prospectively is "overcome only when the legislature explicitly provides for retroactive application or the amendment is curative or remedial."[30] "A remedial change relates to practices, procedures, or remedies without affecting substantive or vested rights."[31]

---

[28] Id. at 472.

[29] RCW 46.61.504(2).

[30] Flint, 174 Wn.2d at 546.

[31] Id.

Here, the legislature did not explicitly provide for retroactive application.[32] Soushek does not argue otherwise. Moreover, the amendment to RCW 46.61.504 did not correct or clarify an ambiguous statute so it is not curative.[33]

As previously stated, the SOTR amendment was a substantive change in the law because it made the SOTR affirmative defense available in administrative license revocation proceedings. It affects the substantive rights of a person subject to license revocation because successfully raising and proving the affirmative defense will allow that person to avoid the civil consequences of the arrest. Again, Soushek does not argue otherwise.

Soushek does argue that the SOTR amendment is remedial because there is no vested right to rely on a statutory defense until the trial or hearing. He relies on Godfrey v. State, as support for his position.[34] But that reliance is misplaced.

In Godfrey, the legislature passed a statute removing the common law bar to recovery in a negligence action when the defendant establishes contributory negligence.[35] The supreme court considered the statute to be a remedial change that did not affect any vested rights and applied it retroactively to pending negligence cases.[36]

---

[32] RCW 46.61.504(2); Laws of 2015, 2d Spec. Sess., ch. 3, §24.

[33] See Former RCW 46.61.504 (2014) (amended by Laws of 2015, 2d Spec. Sess., ch. 3, §24); Flint, 174 Wn.2d at 546.

[34] 84 Wn.2d 959, 530 P.2d 630 (1975).

[35] Id. at 964-65.

[36] Id. at 962-68.

In deciding that the statute was remedial, the supreme court noted that the statute did not create or abolish a statutory defense or change liability for the consequences of negligence.[37] Instead, the statute altered the remedy associated with the existing defense of contributory negligence.[38]

In contrast, the SOTR amendment does more than just alter a remedy. It created a substantive change in the law because it provides a new statutory affirmative defense to revocation or suspension of a license. Such defense was simply not available other than in a criminal prosecution before the amendment. Therefore, the SOTR amendment is not remedial and it does not apply retroactively.

To summarize, the statutory amendment providing that the SOTR affirmative defense is available in a license suspension or revocation proceeding is prospective and became effective on September 26, 2015. The triggering event for this amendment's application was the notification of license revocation that occurred before the effective date of the statute. And this statute is not remedial. Accordingly, Soushek fails in his burden to show that this statute applies to him.

## OTHER MATTERS

Soushek also argues that the hearing officer erred by characterizing the SOTR affirmative defense as a challenge to whether the police officer had probable cause to arrest him. We agree, but hold that the error was harmless.

---

[37] Id. at 963, 965.

[38] Id. at 963.

11

The SOTR affirmative defense is not relevant to the determination of probable cause.[39] It is only relevant after the Department has determined that the officer was justified in arresting the driver and after the Department determines that the remaining elements required for license suspension or revocation have been established.[40]

Because Soushek does not challenge the Department's determination that the officer was justified in arresting him, any error by the hearing officer in considering the SOTR affirmative defense as a challenge to probable cause was harmless. Likewise, because the SOTR affirmative defense was not available to Soushek as a matter of law, any error by the hearing officer in failing to consider whether Soushek adequately proved that defense was also harmless.[41]

We affirm the order of suspension.

_Cox, J._

WE CONCUR:

_Leach, J._                    _Becker, J._

---

[39] State v. Reid, 98 Wn. App. 152, 162, 988 P.2d 1038 (1999).

[40] RCW 46.20.308(7); see State v. Votava, 149 Wn.2d 178, 187-88, 66 P.3d 1050 (2003).

[41] See Wallace Real Estate Inv., Inc. v. Groves, 72 Wn. App. 759, 771, 868 P.2d 149, aff'd, 124 Wn.2d 881, 881 P.2d 1010 (1994).